IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| SEMICONDUCTOR CONNECTIONS LLC, § § § | |
| Plaintiff, § | CASE NO. 6:20-cv-00109-ADA |
| § § | |
| v. § § | |
| TAIWAN SEMICONDUCTOR § MANUFACTURING COMPANY § LIMITED, and TSMC NORTH AMERICA § § | |
| Defendants. § | |

## FINAL JUDGMENT

Pursuant to the Stipulation and Joint Motion for Entry of Final Judgment ("Stipulation"), the Court HEREBY ORDERS as follows:

1. This is a patent infringement action brought by Plaintiff Semiconductor Connections LLC ("Plaintiff" or "SC") against Defendants Taiwan Semiconductor Manufacturing Company Limited and TSMC North America ("collectively "Defendants" or "TSMC") (Dkt. 1). In response, Defendants asserted affirmative defenses and counterclaims for invalidity and non-infringement (Dkt. 17).

2. The patent-in-suit in this action is U.S. Patent No. 6,548,391 ("the '391 patent"), entitled "Method of Vertically Integrating Electric Components by Means of Back Contacting." Plaintiff asserts that it is the exclusive licensee of the '391 Patent. Plaintiff contends that Defendants infringe the '391 patent (directly and/or through its subsidiaries, affiliates, agents and/or business partners) by making, using, selling, or offering to sell, and/or importing integrated circuit devices made by practicing and by performing processes that practice the inventions

1

claimed in the '391 patent, within the United States. Dkt. 1 ¶¶ 27-28. In its Complaint, Plaintiff contended that: "The Accused Products include, but are not limited to, the Xilinx Virtex-7 2000T and H580T FPGAs manufactured by TSMC, and all TSMC semiconductor devices, integrated circuits, and products manufactured at the 28nm technology nodes or other process nodes in the same or similar manner." Dkt. 1 ¶ 20. In its Complaint, Plaintiff further contended that: "The Accused Products are manufactured in accordance with the method covered by at least Claim 1 of the '391 Patent." Dkt. 1 ¶ 21.

3. On July 31, 2020, Plaintiff served Plaintiff's Preliminary Infringement Contentions, asserting only claim 1 (the "Asserted Claim").

4. On January 29, 2021, the Court held a *Markman* hearing and issued its claim construction ruling. Dkt. 52. The Court included the following constructions of terms from the '391 patent:

> a. "an electrically conductive as well as a mechanically stable connection between the two substrates is established exclusively via the first and the second lands" as "Plain and ordinary meaning where the plain and ordinary meaning excludes use of any other mechanical connection layer or mechanical support between the two substrates" and
>
> b. "[first/second] component structures including [first/second] contact areas" as "Plain-and-ordinary meaning."

5. On April 9, 2021, the Court issued a written Claim Construction Order, which did not alter the Court's prior constructions. Dkt. 56.

6. Plaintiff has determined that in view of the Court's construction of the phrase "an electrically conductive as well as mechanically stable connection between the two substrates is

established exclusively via the first and the second lands," Plaintiff cannot prevail on the issue of infringement of the '391 patent, literally or under the doctrine of equivalents, as the Accused Products have an "other mechanical connection layer or mechanical support between the two substrates."

7. The parties stipulate and agree that under the Court's Claim Construction Order, Plaintiff cannot prevail on the issue of infringement of the '391 patent, literally or under the doctrine of equivalents.

8. Based on the above, the parties request that the Court enter a final judgment of non-infringement as to all allegations against the Defendants pled in the Complaint, subject to the parties' right to appeal.

9. This final judgment is without prejudice to Plaintiff's ability to appeal the Court's construction of the term "an electrically conductive as well as mechanically stable connection between the two substrates is established exclusively via the first and the second lands," or Defendants' ability to appeal, or cross-appeal, the Court's construction of "[first/second] component structures including [first/second] contact areas."

10. Accordingly, the Court enters this final judgment in favor of Defendants on Plaintiff's claim for infringement of the '391 patent, and declares the '391 patent not infringed by Defendants. Plaintiff shall take nothing from Defendants with respect to the '391 patent.

11. All of Defendants' claims, affirmative defenses, and counterclaims are dismissed without prejudice.

12. All pending motions are denied without prejudice. If, after remand, Defendants renew their motion to transfer, the renewed motion shall be treated for all purposes as if it were filed on the date of the original motion.

13. Defendants may file a motion for attorneys' fees and/or seek costs under Rule 54(d) within 30 days after the termination of any appeal of the Court's Claim Construction Order or within 30 days after the time for any such appeal passes without an appeal being filed.

It is SO ORDERED.

SIGNED THIS <u>10th</u> day of <u>May</u>, 2021.

_____
ALAN D. ALBRIGHT
UNITED STATES DISTRICT JUDGE